R. C. WALTERS COMPANY, INC., A CORPORATION, APPELLEE, v. ERNEST E. DEBOWER ET AL., APPELLANTS, IMPLEADED WITH TRAVELERS INDEMNITY COMPANY, APPELLEE.

216 N. W. 2d 515

Filed March 28, 1974. No. 39203.

A. C. Sidner of Sidner, Svoboda, Schilke & Wiseman, for appellants.

Crosby, Pansing & Guenzel and Theodore L. Kessner, for appellee R. C. Walters Co., Inc.

Peterson, Bowman, Coffman & Larsen and Kirk E. Naylor, Jr., for appellee Travelers Ind. Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

NEWTON, J.

This is an action in which the County of Colfax, Nebraska, seeks to recover from the Travelers Indemnity Company on a performance bond guaranteeing performance by R. C. Walters Company of a contract to reappraise property in Colfax County for taxation purposes. A judgment was entered for the Travelers Indemnity Company which we affirm.

The bond contained the following provision: "PROVIDED, HOWEVER, IT shall be a condition precedent to any right of recovery hereunder that; in the event of any default on the part of the Principal, a written statement of the particular facts showing the date and nature of such default shall be immediately given by the Obligee to the Surety and shall be forwarded by registered mail to the Surety."

For convenience, the parties will be hereinafter referred to as "the county," "Travelers," and "Walters." The reappraisal contract was entered into on October 23, 1967, and approved by the State Tax Commissioner on November 14, 1967. Walters thereby agreed to classify and appraise all taxable property in the county, develop property record cards, submit a project report with supporting data, to meet monthly with the county to discuss progress and problems arising, to supply a performance bond, to complete the project within 24 months, to pay liquidated damages of $50 per day for noncompletion after the expiration of 24 months, to defend its appraisal, and to submit a written progress report each month and a final report on completion.

It is conceded that Walters never did complete performance of the contract. Negotiations between the county and Walters for completion of the contract and an extension of time continued until June 1971, but no further agreement was arrived at. This action was instituted in June 1971. In its answer the county declared Walters to be in default as of October 23, 1969. The

county had paid $42,700 on the contract. Written notice of default was given Travelers on September 28, 1971, and it first learned difficulties were being encountered in August 1971, after suit was filed. Travelers had requested status reports from the county on October 1, 1968, and January 23, 1969, and was informed the work was 45 or 50 percent completed. Later similar requests were ignored by the county. Prior to trial Walters had been declared bankrupt.

It was stipulated that evidence, if introduced by Travelers, would show that as of November 14, 1969, the appraisal work was 50 percent completed and had substantial value to anyone completing performance of the contract; that its value progressively declined and was of little, or no, value on September 28, 1971. There was uncontradicted evidence to the effect that Travelers, had it employed another contractor to complete performance, might thereby have salvaged the completed work.

It is evident that the county failed to give written notice of default as required in the bond until September 28, 1971, almost 2 years after actual default by Walters occurred. The county seeks to justify this delay because during this period it was seeking to negotiate with Walters for completion of the appraisal work and did not consider the contract to be in default until suit was filed. It is true that the bond sets out the contract was to be performed by Walters on or before 2 years from its date and with the lapse of that period of time, Travelers should have been aware the contract was either completed or in default. The court barred evidence of the payment of subsequent premiums which would have been material on this point but no error is assigned on this ground. Consequently the record does not disclose that Travelers had actual knowledge of the default prior to the filing of suit and receipt of the written notice of default.

The only issues remaining deal with the timeliness of the written notice of default and possible prejudice resulting from delay. Both parties concede that the requirement in the bond that notice of default "be immediately given" means within a reasonable time. "The word 'immediate' in referring to the notice required in an insurance policy means with reasonable celerity, with reasonable and proper diligence, and what is a reasonable time depends upon all the facts and circumstances of each particular case." Keene Coop. Grain & Supply Co. v. Farmers Union Ind. Mut. Ins. Co., 177 Neb. 287, 128 N. W. 2d 773. See, also, 17 Am. Jur. 2d, Contractors' Bonds, § 30, p. 212; Haddock Constr. Co. v. Wilber, 178 Ore. 659, 169 P. 2d 599.

When a contractor's performance bond requires that notice of default by the contractor be given to the surety within a reasonable time and the failure to give such notice results in prejudice or damage to the surety, the principal cannot recover on the bond. See, Knight & Jillson Co. v. Castle, 172 Ind. 97, 87 N. E. 976; Springfield Cooperative Freeze Locker Plant, Inc. v. Wiggins, 115 Vt. 445, 63 A. 2d 182; Haddock Constr. Co. v. Wilber, *supra;* Winston Corporation v. Continental Casualty Co., 361 F. Supp. 1023 (1973); Coleman Capital Corp. v. Travelers Indemnity Co., 443 F. 2d 47 (2d Cir., 1971).

The record discloses that the work completed by Walters was of material value at the time Walters defaulted but progressively declined in value with the passage of time and was of little, if any, value at the time notice of default was given to Travelers. Had Travelers been given prompt notice of the situation it could likely have arranged for completion of the work by Walters or another appraisal firm and reduced the damages sustained. The period of 22 months elapsing between default and notice of default to Travelers constituted an unreasonable delay which bars recovery.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in result.